ELECTRONIC

**June 24, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.
**09-CV-21744-Gold/McAliley**

ARIEL ORTEGA,

    Plaintiff,

v.

COLLECTORS TRAINING INSTITUTE
OF ILLINOIS, INC.,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.    Plaintiff, ARIEL ORTEGA, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4.    Defendant, COLLECTORS TRAINING INSTITUTE OF ILLINOIS, INC., is a corporation and citizen of the State of Illinois with its principal place of business at Suite 250, 3333 West Arthington Street, Chicago, Illinois 60624.

5.    Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.    Defendant  regularly collects or attempts to collect debts for other parties.

7.    Defendant is a "debt collector" as defined in the FDCPA.

8.    Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.    The purpose of the FDCPA is, *inter alia*, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. 15 U.S.C. §1692(e).

10.    By engaging in the abusive practices alleged herein, Defendant gained a competitive advantage over other debt collectors who comply with the law.

11.    Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

2

12.    Defendant left the following messages on Plaintiff's voice mail on his

cellular and home telephone, as indicated, on or about the dates stated:

<u>May 17, 2008</u>                   Cellular Phone
Ariel Ortega, this is Mr. Smith. Give me a call back today, sir. I have your
case in my office. Call me back at 866-766-0961. Extension to my office,
sir, is 2540. We need to hear from you before 12 noon today.

<u>May 23, 2008</u>                   Cellular Phone
Hello, Mr. Ortega, this is Mr. Smith. I have left several detailed messages
for you, sir. I have your case in my office. I need to hear from you before the
28th of this month, before 5 PM Central time. Your case number is 2819399.
Whatever you do Mr. Ortega, do not, I repeat do not ignore this message, sir.
Call me back at 866-766-0961, extension to my office is 2540, Mr. Smith.
Give me a call back before the 28th of this month, if not good luck.

<u>June 4, 2008</u>                   Cellular Phone
This message is for Ariel Ortega. Mr. Ortega, my name is Dorla Vaccaro.
My toll free number is 1-866-766-0961. My extension is 2528. I will be in
the office until 5 Central Standard time. If you could please return my call.
On returning my phone call, you will give the number 2819399. Thank you.

<u>June 7, 2008</u>                   Cellular Phone
This message is for Ariel Ortega. Please contact me, Dorla Vaccaro at 866-
766-0961, extension 2528.

<u>June 12, 2008</u>                   Cellular Phone
This message is for Ariel Ortega. Please contact me, Dorla Vaccaro at 1-
866-766-0961, extension 2528.

<u>June 18, 2008</u>                   Cellular Phone
This message is for Ariel. Please contact me, Dorla at 866-766-0961,
extension 2528.

<u>June 30, 2008</u>                   Cellular Phone
This message is for Ariel Ortega. Contact me, Dorla Vacarro at 866-766-
0961, extension 2528.

<u>June 30, 2008</u>                   Home Phone

3

This message is for Ariel Ortega. Contact me Dorla Vacaro at 866-766-0961, extension 2528.

<u>July 24, 2008</u>          Cellular Phone
Yes, Ariel Ortega. This matter was forwarded to my office. At this point in time I would like to speak with either you or your attorney. This matter needs to be addressed as soon as possible. My number is... This is Robert Messner here. My number is 773-265-2537. Give me call, either you or your attorney.

<u>July 26, 2008</u>          Cellular Phone
Yes. Ariel Ortega. This is Robert Messner. This matter was forwarded to my office. At this point in time I would like to speak with either yourself or your legal attorney. My number directly is 773-265-2537. I need a response as soon as possible.

<u>July 29, 2008</u>          Cellular Phone
Yes. Ariel Ortega. Robert Messner here. We gave you an opportunity to have your legal attorney contact our office, now we must make a decision on your behalf, sir. It is nothing personal, just business. Once again the number here is 773-265-2537.

<u>July 31, 2008</u>          Cellular Phone
Ariel Ortega. This is Robert Messner here, Citi Bank Financial. We need a call from either you or your legal attorney here today in the office. We will be making a decision on your behalf. It is imperative you return the call here today. 773-265-2537.

<u>August 19, 2008</u>          Cellular Phone
...and I can be reached at 866-766-0961, extension 4230. Have a good day and I look forward to speaking with you.

<u>August 22, 2008</u>          Cellular Phone
Hello. Yes. This message is for Ariel. This is Ronald. Give me a call back. This number here is toll free. You need to give me a call back as soon as possible. The number is 866-766-0961, extension 2539. Do reference to number 2819399. Thank you.

<u>August 28, 2008</u>          Cellular Phone

4

Hey Ariel. Ariel, this is Ronald. Give me a call back. I need to speak with you in regards to a business matter of yours here in my office. The number here is 866-766-0961, extension 2539. Do reference to number 2819399. Thank you.

September 8, 2008          Cellular Phone
Hello. Yes. This message is for Ariel Ortega. This is Ronald Carroll. Give me a call back. I need to speak with you in regards to a very, very imperative business matter of yours here in my office. At this time, Ariel, you do have a pending legal matter against you that will be finalized no later than 12 noon Central time tomorrow. If you would like to discuss this matter before any further actions are taken against you, please give me Ronald Carroll a call back. My toll free number here is 866-766-0961, extension 2539. Do reference the number 2819399. Thank you.

September 10, 2008          Cellular Phone
Hey, Ariel. Ariel Ortega. This is Ronald Carroll. Give me a call back. The number here is 866-766-0961, extension 2539. This does require your immediate attention, so return the call back as soon as possible. I will be here until 5 PM Central time to take your call. The number once again is 866-766-0961, extension 2539. Do reference to number 2819399.

13.    Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

14.    The messages are "communications" as defined by 15 U.S.C.

§1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-

Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

15.    Defendant failed to inform Plaintiff in some of the messages that the

communication was from a debt collector, failed to inform the Plaintiff of its name

and failed to disclose the purpose of Defendant's messages.

16.    Defendant's messages, and the September 8, 2008 message in particular, which reads in part, "at this time, Ariel, you do have a pending legal matter against you that will be finalized no later than 12 noon Central time tomorrow" falsely implies the existence of litigation or that litigation was imminent.

17.    Defendant's repeated requests to speak with either Plaintiff or his attorney or "legal attorney" regarding a "decision" to be made on "behalf" of Plaintiff deceptively implies the need for legal counsel as a ruse to prompt Plaintiff to telephone Defendant so that Defendant may subject Plaintiff to even more abusive collection techniques.

18.    Defendant repeatedly alluded to a "decision" to be made about Plaintiff, and specifically stated "we must make a decision on your behalf" when no legitimate decision, except whether to refer the alleged debt back to the creditor as uncollectible, was at hand.

19.    Defendant's claim of an impending "decision" is a ruse, and well known technique used by abusive debt collectors, to trick a non-responding consumer into telephoning the debt collector in order to carry-out additional direct communications and threats to prompt payment.

20.     Defendant knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff and knew that its various other threats and false statements were prohibited by law.

21.     Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

22.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

23.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

24.     Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

25.     Plaintiff incorporates Paragraphs 1 through 24.

26.     Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

7

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

27.    Plaintiff incorporates Paragraphs 1 through 24.

28.    Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and or that it is a debt collector and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## FALSE REPRESENTATION OF IDENTITY

29.    Plaintiff incorporates Paragraphs 1 through 24.

30.    Defendant falsely and deceptively represented its identity as "Citi Bank Financial" in the July 31, 2008 message in violation of 15 U.S.C §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

        a.    Damages;

        b.    Attorney's fees, litigation expenses and costs of suit; and

        c.    Such other or further relief as the Court deems proper.

## COUNT IV
## FALSE, DECEPTIVE AND MISLEADING STATEMENTS

31.    Plaintiff incorporates Paragraphs 1 through 24.

32.    Defendant falsely, deceptively and misleadingly stated "we must make a decision on your behalf" or words to that effect, when no such decision was to be made, in violation of 15 U.S.C §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

        a.    Damages;

        b.    Attorney's fees, litigation expenses and costs of suit; and

        c.    Such other or further relief as the Court deems proper.

## COUNT V
## FALSE SENSE OF URGENCY

33.    Plaintiff incorporates Paragraphs 1 through 24.

34.    Defendant created a false sense of urgency in violation of 15 U.S.C §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT VI
## FALSE IMPLICATION OF LITIGATION AND OR THE NEED FOR LEGAL COUNSEL

35.    Plaintiff incorporates Paragraphs 1 through 24.

36.    Defendant falsely, deceptively and misleadingly implied the existence or imminence of litigation and or that Plaintiff needed legal counsel because of the gravity of the situation in violation of 15 U.S.C §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

10

## COUNT VII
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

37.    Plaintiff incorporates Paragraphs 1 through 24.

38.    Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See *Sanchez v. Client Servs.*, 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT VIII
## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE

39.    Plaintiff incorporates Paragraphs 1 through 24.

40.    Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, in violation of 15 U.S.C §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

11

        a.     Damages;

        b.     Attorney's fees, litigation expenses and costs of suit; and

        c.     Such other or further relief as the Court deems proper.

**COUNT IX**
**ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT**

41.    Plaintiff incorporates Paragraphs 1 through 24.

42.    Defendant asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing its name, that it is a debt collector and the purpose of its communications, by falsely claiming to be "Citi Bank Financial," by falsely implying the existence or imminence of litigation, by falsely implying that Defendant would make a "decision" on behalf of Plaintiff, by falsely implying Plaintiff needed legal counsel because of the gravity of the situation, by falsely implying the situation was urgent, and by using an automatic telephone dialing system or pre-recorded or artificial voice in placing calls to Plaintiff's cellular telephone to which Plaintiff had not consented, all done when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

        a.     Damages;

12

b.      Attorney's fees, litigation expenses and costs of suit; and

c.      Such other or further relief as the Court deems proper.

## COUNT X
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

43.     Plaintiff incorporates Paragraphs 1 through 24.

44.     By leaving telephone messages for Plaintiff without disclosing its name, that it is a debt collector and the purpose of its communications, by falsely claiming to be "Citi Bank Financial," by falsely implying the existence or imminence of litigation, by falsely implying that Defendant would make a "decision" on behalf of Plaintiff, by falsely implying Plaintiff needed legal counsel because of the gravity of the situation, by falsely implying the situation was urgent, by using an automatic telephone dialing system or pre-recorded or artificial voice in placing calls to Plaintiff's cellular telephone to which Plaintiff had not consented, and by telephoning Plaintiff with such frequency at can be reasonably be expected to harass Plaintiff, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.      Damages;

b.      Attorney's fees, litigation expenses and costs of suit; and

13

c.     Such other or further relief as the Court deems proper.

## COUNT XI
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

45.     Plaintiff incorporates Paragraphs 1 through 24.

46.     Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.     Damages; and

b.     Such other or further relief as the Court deems proper.

## COUNT XII
## DECLARATORY AND INJUNCTIVE RELIEF

47.     Plaintiff incorporates Paragraphs 1 through 24.

48.     Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant's practices are in violation of the TCPA and the FCCPA.

49.     The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

14

50.     Plaintiff seeks a permanent injunction prohibiting Defendant from continuing violation of the FCCPA.

51.     Pursuant to 47 U.S.C § 227 (c)(5)(A), Plaintiff seeks a permanent injunction prohibiting Defendant from continuing violation of the TCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment:

a.      declaring that Defendant's practices violate the TCPA and the FCCPA;

b.      permanently injoining Defendant from engaging in the violative practices; and

c.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this _23_ day of June, 2009.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com

By:_____
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

15

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**

Ariel Ortega

**DEFENDANTS**

Collectors Training Institute of Illinois, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES) MIAMI-DADE

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

1:09 cv 21744 Gold/McAley

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- [ ] 1. U.S. Government Plaintiff
- [X] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporation and Principal Place of Business in This State | [ ] 1 | 1 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 3 | [ ] 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** __1-2__ days estimated (for both sides) to try entire case  15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 States Reappointment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 362 Pers. Injury-Med Malpractice | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 450 Commerce/ICC Rates/etc. B |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander | [ ] 365 Personal Injury-Prod. Liability | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personnel Injury Product Liability | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (excl Veterans) B | [ ] 340 Marine | **PERSONAL PROPERTY** | **B SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits B | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 861 HIA (1395ff) | [ ] 850 Securities /Commodities /Exchange |
| [ ] 160 Stockholder's Suits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending B | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personnel Property Damage | **A LABOR** | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | [ ] 720 Labor Management Relations B | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence Habeas Corpus | [ ] 730 Labor Management Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure B | [ ] 442 Employment | [ ] 530 General* | [ ] 740 Railway Labor Act | **A FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 540 Mandamus & Other* | [ ] 791 Employee Ret. Inc. Security Act B | [ ] 871 IRS-Third Party 26b USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 550 Civil Rights *A or B | | | [X] 890 Other Statutory Actions* *A or B |
| [ ] 290 All Other Real Property | | | | | |

Also: [ ] 315, [ ] 362, [ ] 365, [ ] 368, PERSONAL PROPERTY [ ] 370, [ ] 371, [ ] 380, [ ] 385, B FORFEITURE: [ ] 640 R.R. & Truck, [ ] 650 Airline Regs, [ ] 660 Occupational Safety/Health, [ ] 690 Other

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- [X] 1. Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Refiled
- [ ] 5. Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A [ ] UNDER F.R.C.P.23
CLASS ACTION No   DEMAND $ N/A   Check YES only if demanded in complaint
JURY DEMAND: [X] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE ___ DOCKET NUMBER ___

DATE: June 2, 2009   SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F 1-2 REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 546641   Amount: 350.00
Date Paid: ____   M/ifp: ____