UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-21744-CIV-GOLD/McALILEY

ARIEL ORTEGA,

    Plaintiff,

v.

COLLECTORS TRAINING INSTITUTE
OF ILLINOIS, INC.,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [ECF No. 58]**

THIS CAUSE is before the Court upon Defendant Collectors Training Institute of Illinois, Inc.'s ("Defendant") Motion for Summary Judgment ("Motion") **[ECF No. 58]**. Plaintiff Ariel Ortega ("Plaintiff") filed an Opposition to the Motion **[ECF No. 69]**, and Defendant filed a Reply **[ECF No. 76]**.

Defendant moves for summary judgment on Plaintiff's Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"); Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"); and Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") claims. I have determined that oral argument would not aid in my disposition of this matter and accordingly CANCEL the oral argument previously set for January 21, 2011 at 11:00 a.m. Having reviewed the parties' submissions, the applicable law, and the record, I DENY Defendant's Motion for Summary Judgment for the reasons set forth below.

I.  **Procedural history**

On June 25, 2009, Plaintiff filed a twelve-count[1] complaint alleging that Defendant violated the FDCPA, FCCPA, and TCPA. **[ECF No. 1]**. Specifically, Plaintiff asserts counts for violations of the following statutes: Count I – U.S.C. § 1692e(11) (failure to disclose status as a debt collector); Count II – 15 U.S.C. § 1692d(6) (failure to make meaningful disclosure of identity); Count III – 15 U.S.C. § 1692e (false representation of identity); Count IV – 15 U.S.C. § 1692e (making false deceptive and misleading statements); Count V – 15 U.S.C. § 1692e (creating a false sense of urgency); Count VI – 15 U.S.C. § 1692e (false implication of litigation and/or the need for legal counsel); Count VII – 15 U.S.C. § 1692d(5) (telephonic harassment and abuse by excessive calling); Count VIII – 15 U.S.C. § 1692d (telephonic harassment and abuse for unauthorized calls to a cellular phone); Count IX – Fla. Stat. § 559.72(9) (illegal collection techniques in violation of the FCCPA); Count X – Fla. Stat. § 559.72(7) (harassment in violation of the FCCPA); and Count XI – 47 U.S.C. § 227(b)(1)(A)(iii) (violation of the TCPA).

---

[1] In Count XII, Plaintiff sought declaratory and injunctive relief from the FCCPA and TCPA violations. In my Order Denying Defendant's Motion to Dismiss, I noted that "Plaintiff candidly concedes that he has not stated sufficient grounds for declaratory or injunctive relief and requests leave to amend to properly allege such grounds." **[ECF No. 27, p. 14]**. I granted Plaintiff's request for leave to amend, requiring Plaintiff to amend Count XII only by April 9, 2010 at 5:00 p.m. *Id.* at p. 15. My order also noted that "If Plaintiff fails to timely amend Count XII, Defendant shall Answer Counts I-XI and this matter will proceed as to Counts I-XI *only*." *Id.* (emphasis in original). Since Plaintiff did not amend Count XII by the April 9, 2010 deadline, Defendant did not respond to Count XII in its Answer and Affirmative Defenses to the Complaint. **[ECF No. 33]**. Accordingly, only Counts I-XI are at issue in Defendant's Motion for Summary Judgment.

2

## II. Factual background

In the Southern District of Florida, a party moving for summary judgment must submit a statement of undisputed facts. *See* S.D. Fla. L.R. 7.5. If necessary, the non-moving party may file a concise statement of the material facts as to which it is contended there exists a genuine issue to be tried. *Id.* Each disputed and undisputed fact must be supported by specific evidence in the record, such as depositions, answers to interrogatories, admissions, and affidavits on file with the Court. *Id.* All facts set forth in the movant's statement which are supported by evidence in the record are deemed admitted unless controverted by the non-moving party. *Id.* Pursuant to Fed. R. Civ. P. 56(e)(2), "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." *See also Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000) ("conclusory allegations without specific supporting facts have no probative value.").

In support of its Motion for Summary Judgment, Defendant filed a Statement of Facts. **[ECF No. 58, pp. 2-5]**. Plaintiff filed an Amended[2] Statement of Material Facts, in which Plaintiff did not dispute any of Defendant's facts. **[ECF No. 71]**. Plaintiff also asserted additional facts in opposition to Defendant's motion. *Id.* Although Defendant filed a Reply in support of its Motion for Summary Judgment, Defendant failed to oppose or respond to Plaintiff's additional facts in opposition to Defendant's motion. The following facts from Defendant's Statement of Facts are undisputed.

---

[2] "Plaintiff inadvertently omitted its additional fact number 12 from Plaintiff's original Statement of Material Facts." **[ECF No. 70]**.

3

Plaintiff's date of birth is June 15, 1973. **[ECF No. 58 ¶ 1]**.[3] During the calendar year 2001, Plaintiff worked as a waiter for Sobe Century Inc. which included three restaurants, Scandal, Casa Blanca, and Rendezvous. *Id.* at ¶ 2. The Rendezvous restaurant was located at 720 Ocean Drive, Miami Beach, Florida. *Id.* at ¶ 3.

According to Plaintiff's response to interrogatory fifteen, Plaintiff had not been convicted of a crime punishable by imprisonment in excess of one year, or involving dishonesty or false statement. **[ECF No. 58 ¶ 4]**.[4] Plaintiff reiterated this position at his deposition. *Id.* Then, Plaintiff admitted to serving time in prison at his deposition, although he stated that he served less than one year. *Id.* Plaintiff immediately recanted this testimony and claimed he only received six months probation. *Id.*

On April 19, 2001, a grand jury for the Southern District of Florida charged one Ariel Ortega with knowingly, and with intent to defraud, possessed device making equipment, that is, a credit card skimmer, in violation of 18 U.S.C. § 1029(a)(4). **[ECF No. 58 ¶ 5]**. The criminal defendant Ariel Ortega's date of birth was June 15, 1973. *Id.* at ¶ 6. According to the Affidavit of the Special Agent for the United States Secret Service, the fraud occurred at Rendezvous on the Beach restaurant. *Id.* at ¶ 7.

A violation of 18 U.S.C. § 1029(a)(4) is punishable by a maximum sentence of fifteen years. **[ECF No. 58 ¶ 8]**. Mr. Ortega pled guilty to this offense and was sentenced to nine months in prison to commence no later than November 5, 2001. *Id.* at ¶ 9. Mr. Ortega served his time in prison and was given three years of supervised

---

[3] Citations to Defendant's Statement of Facts, contained within Defendant's Motion for Summary Judgment, refer to the paragraph number as set forth in Section B of Defendant's Motion for Summary Judgment. *See* **[ECF No. 58, pp. 2-5]**.

[4] Although Plaintiff's Amended Statement of Material Facts explains that "Plaintiff's first language is Spanish, and the deposition was conducted in English, and he misunderstood and was confused," this fact is undisputed. **[ECF No. 71 ¶ 4]**.

4

release. *Id.* at ¶ 10. During his deposition, Plaintiff claimed to be self-employed working doing private parties and living with his sister for the entire time period of the years 2001 to 2003. *Id.* at ¶ 11.

Plaintiff never sought medical treatment for emotional distress. **[ECF No. 58 ¶ 12]**. Plaintiff does not dispute that there was a balance on his account with Citibank, and that he failed to pay for an outstanding balance. *Id.* at ¶ 13. Plaintiff never actually spoke with anyone from Defendant CTI. *Id.* at ¶ 14. In the last two years, Plaintiff has filed a total of eleven lawsuits against debt collectors. *Id.* at ¶ 15. Plaintiff could not identify any call cited in the Complaint that was made using an auto dialer. *Id.* at ¶ 16. A Rule 68 offer for $ 1,001.00, plus reasonable costs and fees, was delivered to Plaintiff for his claims arising under the FDCPA (Counts I-VIII). *Id.* at ¶ 17. Plaintiff rejected this offer. *Id.* at ¶ 17.

### III. Jurisdiction

A federal court must always determine whether it has jurisdiction to hear a case. *See, e.g., Arbaugh v. Y & H Corp.*, 546 U.S. 500, 507 (2006) ("The objection that a federal court lacks subject matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) ("Indeed, it is well-settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). As such, even when there is no dispute between the parties with respect to jurisdiction, federal courts have an independent duty to ensure that subject-matter jurisdiction exists.

5

In the instant case, federal question jurisdiction exists over claims arising under the FDCPA pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k. However, the remaining counts are state law claims.[5] Nevertheless, federal courts may exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a), which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Accordingly, I exercise supplemental jurisdiction over the claims set out in Counts IX through XII. As set forth in greater detail *infra* § V.A, I determine that subject matter jurisdiction exists notwithstanding Plaintiff's rejection of Defendant's Rule 68 offer.

## IV.   Applicable law

On a motion for summary judgment, the moving party has the burden of showing the absence of a genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); *Hilburn v. Murata Elec. North Am. Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999). In considering whether the movant has met its burden, the court views the evidence and all factual inferences arising from it in the light

---

[5] The claims brought under the FCCPA are clearly state law claims. Moreover, the Eleventh Circuit has ruled that federal courts lack subject matter jurisdiction over private actions brought under the TCPA. See *Nicholson v. Hooters of Augusta, Inc.*, 136 F. 3d 1287, 1289 (11th Cir. 1998). That ruling, and similar rulings by other courts of appeals, addressed only whether federal question jurisdiction was proper under the TCPA. As such, because I have original jurisdiction over Plaintiff's FDCPA claim, and because the facts supporting Plaintiff's FDCPA claims are identical to those supporting the TCPA claim, I exercise supplemental jurisdiction over Plaintiff's TCPA claim. *See, e.g., Watson v. NCO Group, Inc.*, 462 F. Supp. 2d 641, 646 (E.D. Pa. 2006) (district court had supplemental and diversity jurisdiction over TCPA claim).

most favorable to the nonmoving party. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party "must go beyond the pleading through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is genuine issue for trial." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

V.  **Analysis**

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e. "[O]ne of the purposes of the FDCPA [is] 'that every individual, whether or not he owes the debt, has a right to be treated in a reasonable or civil manner.'" *Jeter v. Credit Bureau*, 760 F.2d 1168, 1178 (11th Cir. 1985) (citing 123 Cong. Rec. 10241 (1977)).

A.  **Subject matter jurisdiction and FDCPA**

As a preliminary matter, I address the threshold issue of subject matter jurisdiction. *See University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (once the court determines that subject matter jurisdiction does not exist, its sole remaining act is to dismiss the case for lack of jurisdiction). Pursuant to Federal Rule of Civil Procedure Rule 68, a defendant "may serve upon [a plaintiff] an offer to allow judgment to be taken against the [defendant] for the money . . . specified in the offer, with costs then accrued." Generally, an offer of full relief for a plaintiff's claim moots that claim, even if plaintiff declines the offer. *See, e.g., Mackenzie v.*

*Kindred Hospitals East, L.L.C.*, 276 F.Supp.2d 1211, 1219 (M.D. Fla. 2003) ("The defendant's offer of full relief therefore rendered this case moot, even though the plaintiff did not accept that offer.").

Defendant offered the maximum *statutory* damages in October 2009. Like the defendant in another FDCPA case within this district, "Defendant's theory is that Plaintiff was offered everything she seeks in her suit against Defendant. Therefore, Defendant argues, there is no dispute over which to litigate, rendering Plaintiff's action subject to dismissal as moot." *Valencia v. Affiliated Group, Inc.*, 2008 U.S. Dist. LEXIS 73008 (S.D. Fla. Sept. 23, 2008).

Plaintiff argues that Defendant's Rule 68 offer of $ 1,001.00 did not moot the FDCPA claim because Plaintiff requested *actual* damages for emotional distress, along with the maximum statutory damages of $ 1,000.00. According to Plaintiff, Defendant's offer of judgment did not afford Plaintiff the complete relief he seeks in this case. Thus, the question is whether Defendant's Rule 68 offer—which did not account for Plaintiff's claimed damages for emotional distress—offered Plaintiff complete relief and thereby mooted Plaintiff's FDCPA claim.

Courts have found that in the context of FDCPA claims, a specific allegation regarding actual damages is not necessary to state a claim for such damages. *See e.g., Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, 242 F. Supp. 2d 273, 277 (S.D.N.Y. 2002) (footnote omitted). In *Sibersky*, the court denied the defendant's motion to dismiss and rejected the defendant's argument that its Rule 68 offer of $ 1,500 plus costs and attorneys' fees mooted the plaintiffs' FDCPA claim:

> Although the plaintiffs' Complaint did not specifically allege actual damages, paragraph 68 states that [the plaintiff] "has been damaged in an

8

amount to be determined at trial." In light of the liberal notice pleading standards, such a statement can be read to include a request for actual damages as allowed by the statute. The Court cannot determine on this motion [to dismiss] whether there are such actual damages, and, if so, the amount of such damages. . . . In this case, the offer of judgment fails to meet or exceed the sum that could be awarded to the plaintiffs because the offer did not include a provision for actual damages. The Court cannot decide on this motion that there are no such damages.

*Id.* at 277-78.

Although Defendant points out that the complaint "makes no mention of Mr. Ortega's frustration, anger, or emotional distress in any way," the complaint sets forth that Plaintiff seeks: "(a) Damages; (b) Attorney's fees, litigation expenses and costs of suit; and (c) Such other or further relief as the Court deems proper" for Counts I through XI.[6] **[ECF No. 1, pp. 8-15]**. Further, there is no evidence in the record of the Rule 26 disclosures exchanged between the parties, nor have the parties submitted such evidence in support of Defendant's Motion for Summary Judgment or Plaintiff's opposition thereto. Defendant merely states in its Reply that "[t]he first time the emotional distress issue was raised by the Plaintiff was in a supplemental Rule 26 disclosure, <u>after</u> the offer of judgment for statutory damages was delivered to the Plaintiff." **[ECF No. 76, p. 4]** (emphasis in original).[7] It is undisputed that Defendant served a Rule 68 offer in the amount of $ 1,001.00 and Plaintiff rejected this offer. *See also* **[ECF No. 58-2]** (Declaration of William Leggett attaching Defendant's Offer of Judgment for Plaintiff's FDCPA claims, dated October 29, 2009). However, it is speculative as to when the emotional distress issue was first raised and neither party

---

[6] Count XI for Violation of the Telephone Consumer Protection Act does not seek "Such other or further relief as the Court deems proper."

[7] Pursuant to Rule 68(b), "[a]n unaccepted offer is considered withdrawn, but it does not preclude a later offer."

9

has submitted evidence regarding this issue. Furthermore, the fact that the complaint seeks damages generally—without specifying the exact nature of the damages—similarly does not preclude Plaintiff from pursuing a claim for damages for emotional distress as described *supra*. Without reaching a determination of the amount of Plaintiff's recoverable damages and because Plaintiff may pursue a claim for actual damages for emotional distress as set forth *infra* § V.B, Defendant's Rule 68 offer of $ 1,001.00 offer did not operate to afford Plaintiff the complete relief he seeks.

### B.   Emotional distress and FDCPA

Violation of any provision of the FDCPA entitles the consumer to an award of actual damages, statutory damages up to $ 1,000, costs, and attorney's fees. 15 U.S.C. § 1692k(a). With respect to actual damages, which may include compensation for emotional distress, state law requirements that must be proven to establish negligent or intentional infliction of emotional distress are inapplicable. *McLean v. GMAC Mortg. Corp.*, 595 F. Supp. 2d 1360, 1370 (S.D. Fla. 2009) (internal citations omitted). In *McLean*, a case involving Real Estate Settlement Procedures Act, the court cited several cases where emotional distress damages were recoverable in FDCPA cases. *Id.* (citing *Sweetland v. Stevens & James, Inc.*, 563 F. Supp. 2d 300, 303-304 (D. Me 2008) (awarding emotional distress damages to plaintiff in FDCPA case even though no documentary evidence or expert testimony was submitted); *In Re Hart*, 246 B.R. 709, 732 (Bankr. D. Mass. 2000) (accepting plaintiff's testimony that he was angered, frustrated, and emotionally distressed by defendant in awarding emotional distress damages in FDCPA case)).

Courts within this circuit have determined that compensation for emotional distress is considered a form of actual damages under the FDCPA. *See, e.g., Montgomery v. Fla. First Fin. Group, Inc.*, 2008 U.S. Dist. LEXIS 115123 (M.D. Fla. July 21, 2008) (citing *McGrady v. Nissan Motor Acceptance Corp.*, 40 F. Supp. 2d 1323, 1338 (M.D. Ala.1998)). The FDCPA authorizes recovery of "any actual damage" sustained by a consumer as a result of a debt collector's violation of the Act. 15 U.S.C. § 1692k(a)(1). "A consumer who has suffered emotional distress has suffered 'actual damage,' even if the emotional distress was not severe." *Edeh v. Midland Credit Mgmt., Inc.*, 2010 U.S. Dist. LEXIS 103888 (D. Minn. Sept. 29, 2010); *see also Chiverton v. Federal Financial Group, Inc.*, 399 F. Supp. 2d 96 (D. Conn. 2005) ("Damages for emotional distress caused by defendant's FDCPA violations are recoverable as a part of actual damages under the FDCPA").

Defendant argues that it is entitled to summary judgment on the issue of Plaintiff's claim for emotional distress because Plaintiff has not presented sufficient evidence of emotional distress and therefore would only be entitled to statutory damages for any violation of the FDCPA. *See* **[ECF No. 76, p. 5]**. Plaintiff testified during deposition that he is claiming $ 1,000.00 for emotional distress damages.[8]

While it is undisputed that Plaintiff never sought medical treatment for emotional distress, Defendant has cited no cases suggesting such a requirement exists. In fact, another court within this Circuit found that failing to seeking medical treatment, *inter alia*, did *not* preclude recovery of emotional distress damages under the FDCPA:

> [Plaintiff] did not suffer any physical harm, sought no medical treatment, and did not suffer any long-term problems. Plaintiff testified that she was

---

[8] Defendant mistakenly states that the "defendant" is claiming this amount for emotional distress damages. *See* **[ECF No. 58, p. 8]** (citing Ortega Depo. at 63:20-23.)

11

worried, upset, and suffered emotional distress because of the collection letter. She felt better after she talked with her attorney. The Court is persuaded that Plaintiff suffered some emotional stress. [The defendant] intended to send the collection letter which caused Plaintiff's emotional stress. The Court is persuaded that Plaintiff should recover from [the Defendant] the sum of $ 500 under section 1692k(a)(1) for her emotional stress.

*Faust v. Texaco (In re Faust)*, 270 B.R. 310, 320 (Bankr. M.D. Ga. 1998). Notably, courts within this district have determined that the damages analysis in an FDCPA and FCCPA setting is not suitable for summary judgment. *See also Pollock v. Bay Area Credit Serv., LLC*, 2009 U.S. Dist. LEXIS 71169 (S.D. Fla. Aug. 12, 2009) (in denying summary judgment in case involving FDCPA, FCCPA, and TCPA, "the Court finds that the determination of damages involves factual issues that are not appropriate for summary judgment").

Plaintiff's responses to Defendant's interrogatories indicate that "[Plaintiff] was distressed and disturbed by the messages [Plaintiff] received from Defendant." **[ECF No. 60-1, p. 7]**. In support of Plaintiff's opposition, Plaintiff offers Fact No. 12, that "[a]s a result of Defendant's telephone messages, Plaintiff incurred emotional distress in the form of general stress and loss sleep." **[ECF No. 71, p. 6]** (citing Plaintiff's Deposition, 22:10-23:18; 58:17-92:18). In fact, a review of Plaintiff's deposition transcript, cited throughout Plaintiff's opposition and in the record at **[ECF No. 37]**, reveals various factors Plaintiff comprising Plaintiff's emotional distress attributable to Defendant's actions—none of which Plaintiff specifically cited. The deposition transcript indicates that Plaintiff testified that a phone call "stressed [him] out a lot." **[ECF No. 59-2, 58:20-22]**. Specifically, Plaintiff stated that he was under the impression that he: would have to go to court, was required to immediately respond, was going to jail, and was being

12

sued. *Id.* at 58:22-25. Plaintiff spent the entire week contacting his lawyer and could not sleep. *Id.* at 58:25-59:2. The cumulative effect of the calls involving the collection process caused Plaintiff emotional distress because he "didn't know what to expect in that call. It was out of control." *Id.* at 61:10-19. Plaintiff thought he was being sued, would have a "legal problem," that he was "going to be in trouble," that he was going to have another subpoena to go to court or would have4 to go to jail. *Id.* at 70:8-16. Plaintiff testified that he was under the impression that there was an "urgent" matter and that there was an "emergency" requiring him to contact his lawyer. *Id.* at 73:15-16. It occurred to Plaintiff that he might be in some sort of criminal problem. *Id.* at 74:6-8; 75:14-15. Plaintiff felt that he was "running out of time" and he was afraid that Defendant was calling about some sort of crime. *Id.* at 76:19-20; 77:4-9. Plaintiff testified that the calls seemed "kind of" threatening to him. *Id.* at 80:10-12. Plaintiff also could not sleep for a week or two, that he got into a fight with his wife, and that he was sweating. *Id.* at 82:1-8. He also discussed his distractions while picking up his son from school and worrying at work. *Id.* at 84:1-6.

Plaintiff testified at length during his deposition regarding the extent of the emotional distress he suffered. There are genuine issues of material fact regarding the emotional distress claimed as actual damages by p. Further, the determination of damages is not suitable for this summary judgment stage. Finally, the credibility of Plaintiff's testimony is an issue for the jury as discussed *infra* § V.C. Therefore, Defendant is not entitled to summary judgment on Plaintiff's claim for emotional distress.

13

C.  **Admissibility of deposition testimony**

The Federal Rules of Evidence apply to summary judgment motions. *See* Fed. R. Civ. P. 56(e). "**Credibility determinations**, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (emphasis added).

In moving for summary judgment, a plaintiff offered witness testimony through a separate sworn statement which was not subject to cross-examination, and a sworn affidavit. *SEC v. Scherm*, 854 F. Supp. 900, 905 (N.D. Ga. 1993). The defendant opposed the motion for summary judgment in part because he claimed the plaintiff relied so heavily on the witness' testimony and affidavits that her credibility as a convicted felon prevented the court from granting summary judgment as a matter of law. *Id.* at 904.

In the instant case, both parties contest the credibility of deponents. Plaintiff argues that as Defendant's corporate representative and founder of the firm, William Leggett has a financial interest in the outcome of this case. Plaintiff requests that I deny Defendant's motion because "issues of credibility are present." **[ECF No. 69 p. 8]**. Defendant claims that Plaintiff's deposition testimony should be disregarded because Plaintiff failed to account for the nine months he spent in prison during deposition and in responses to interrogatories. *See e.g.*, **[ECF No. 60-1]** (Plaintiff responded "None" to Interrogatory Number 15, which sets forth: "If Plaintiff has been convicted of a crime punishable by imprisonment in excess of one year or involving dishonesty or false statement, describe the type of offense and specify the date of conviction, the cause

14

number, and the court, county, and state where Plaintiff was prosecuted."). Plaintiff claims that his first language is Spanish and he misunderstood and was confused because the deposition was in English. However, as Defendant points out, Plaintiff fails to explain—let alone address—the discrepancy in his responses to the interrogatories.

Defendant urges that "the Court should not give weight to any testimony of Mr. Ortega as to his damages in light of his numerous inconsistent statements between his deposition, interrogatory answers, and criminal history." Notwithstanding the applicable evidentiary standards on Motions for Summary Judgment pursuant to the Federal Rules of Evidence, it is clear that I cannot—as Defendant suggests—simply discredit Plaintiff's testimony. This is especially true when all justifiable inferences are to be drawn in the non-moving party's favor. See Anderson, supra, 477 U.S. at 255; see also Skop v. City of Atlanta, GA, 485 F.3d 1130, 1136 (11th Cir. 2007) (on summary judgment, courts "view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-movant") (citation omitted). Credibility determinations, such as those that both parties advocate that I made at the instant stage, are not properly suited for summary judgment. Accordingly, I cannot find that Defendant is entitled to summary judgment based on Plaintiff's inconsistent testimony and discovery responses which require credibility determinations. Similarly, Plaintiff's criticisms of Defendant's corporate representative's testimony are also subject to a credibility determination not suitable for summary judgment.

### D. TCPA – automatic dialing system

Pursuant to 47 U.S.C § 227(b)(1)(A)(iii),

> It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]

Congress defined "automatic telephone dialing system" as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).[9]

Defendant argues that "If No Auto Dialer is Employed the TCPA Does Not Apply." **[ECF No. 58 § C.4]**. In response, Plaintiff claims a factual dispute exists as to whether Defendant used an automatic telephone dialing system to make calls to Plaintiff's cellular phone. **[ECF No. 69, p. 5]**. Specifically, Plaintiff points to the deposition testimony of Defendant's corporate representative, Mr. Leggett, as a basis for this factual dispute. Mr. Leggett testified that he consulted the automatic telephone dialing system records after the initiation of the lawsuit. **[ECF No. 38-1, 64:7-11]**. Subsequently, Defendant's Supplemental Production in Response to Plaintiff's First Request to Produce indicated that:

---

[9] As noted in my March 31, 2010 Order Denying Motion to Dismiss **[ECF No. 27]**, the claims brought under the FCCPA are state law claims and the Eleventh Circuit has ruled that federal courts lack subject matter jurisdiction over private actions brought under the TCPA. *See Nicholson v. Hooters of Augusta, Inc.*, 136 F. 3d 1287, 1289 (11th Cir. 1998). However, because I exercise original jurisdiction over Plaintiff's FDCPA claim, and because the facts supporting Plaintiff's FDCPA claims are identical to those supporting the TCPA claim, I exercise supplemental jurisdiction over Plaintiff's TCPA claim. *See, e.g., Watson v. NCO Group, Inc.*, 462 F. Supp. 2d 641, 646 (E.D. Pa. 2006) (district court had supplemental and diversity jurisdiction over TCPA claim).

> [Records regarding calls placed by automatic dialer for the dates identified in the Complaint] were discarded in the ordinary course of business as the records are only kept for three months. The auto dialer records which relate to auto dialer calls made during the relevant time period would have been discarded in December of 2008 or January of 2009. Mr. Leggett performed a search in the auto dialer system in October of 2009, at the time of filing this lawsuit, searching for [Plaintiff]'s account number. [Plaintiff]'s account number did not appear in that system search. . . .

**[ECF No. 69-1, p. 3]**. Accordingly, Plaintiff essentially argues that there is no way that Mr. Leggett could have found Plaintiff's account number in the dialing records in October 2009 when the records covering the time period of the calls Plaintiff received (September 2008 through May 2008) were already discarded ten or eleventh months earlier in December 2008 or January 2009. Defendant's Reply fails to address this discrepancy, and Plaintiff claims this raises a triable issue of fact regarding whether an auto-dialer was used.

As set forth in Plaintiff's deposition, Plaintiff was unable to state which specific messages originated from a machine. **[ECF No. 59-2, 85:22-24]**. However, Plaintiff raises a factual issue regarding whether calls were placed from an automatic dialer because Plaintiff's testimony during deposition suggests that he received pre-recorded messages and identified a "robot voice" on the message. *Id.* at 36:19. Plaintiff also testified that he normally received pre-recorded messages on his home telephone prior to calls on his cellular telephone. *Id.* at 38:19. Defendant has acknowledged that the auto dialer records from the relevant time period are no longer available because they were discarded. Accordingly, despite Mr. Leggett's testimony that no automatic dialer would have been used for Plaintiff's account, Plaintiff has raised a triable issue of fact through his deposition testimony regarding whether calls were made or received using

17

an automatic dialer. Therefore, summary judgment must be denied as to Plaintiff's TCPA claim.

### E. FCCPA failure to state a claim

Section 559.72(9) of the FCCPA prohibits persons, in collecting consumer debts, from "claim[ing], attempt[ing], or threaten[ing] to enforce a debt when such person knows that the debt is not legitimate, or assert[ing] the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(a). Thus, a plaintiff can state a claim under FCCPA § 559.72(9) by adequately alleging: (1) that a legal right that did not exist was asserted; and (2) that the person had actual knowledge that the right did not exist. *See* § 559.72(9). Section 559.72(7) provides, in pertinent part, as follows:

> In collecting consumer debts, no person shall willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her family.

Florida courts have placed the determination of elements comprising FCCPA violations within the jury's province. "Ordinarily, whether conduct harasses, oppresses, or abuses will be a question for the jury." *Jeter, supra*, 760 F.2d at 1179. Whether communications are so frequent so as to be reasonably expected to harass "is ordinarily the business of juries, not of judges." *Story v. J. M. Fields, Inc.*, 343 So. 2d 675, 677 (Fla. Dist. Ct. App. 1977). Courts within this district have also determined that it is a question of fact whether the number of telephone calls and the content of the calls constitutes harassment under the FCCPA. *See Ortiz v. Accounts Receivable Mgmt., Inc.*, 2010 U.S. Dist. LEXIS 20944 (S.D. Fla. Feb. 12, 2010); *Pollock v. Bay Area Credit*

*Svc., LLC*, 2009 U.S. Dist. LEXIS 71169 (S.D. Fla. Aug. 13, 2009) (factual question whether 187 telephone calls were willful and harassing); *see also Scott v. Florida Health Sciences Ctr., Inc.*, 2008 U.S. Dist. LEXIS 86942 (M.D. Fla. Oct. 16, 2008) (nineteen attempts to collect debt could be considered harassing when the plaintiff communicated to the defendant multiple times that the debt had been settled ); *Segal v. National Action Financial Svcs., Inc.*, 2006 U.S. Dist. LEXIS 9532 (M.D. Fla. Feb. 22, 2006) (genuine issues of material fact as to whether telephone calls were harassment based on number and frequency of calls during year and a half period).

Plaintiff's facts in opposition to Defendant's Motion for Summary Judgment (which Defendant neither responded to nor specifically addressed in its Reply) set forth the transcripts of seventeen voicemail messages left on Plaintiff's cellular telephone during the four-month period between May 17, 2008 and September 10, 2008. **[ECF No. 71, pp. 3-7]**. The facts and evidence do not conclusively establish that Defendant is entitled to summary judgment on the issue of Plaintiff's claim for violation of Section 559.72(7). As set forth in the cases cited *supra*, Florida courts have determined that whether calls are willful and harassing are factual issues for the jury's determination. Questions of material facts still exist as to whether the nature and content of the telephone calls and messages are harassing or abusive. Accordingly, summary judgment must be denied with respect to Plaintiff's TCPA claim.

## VI. Conclusion

Based on the foregoing, it is hereby ORDERED and ADJUDGED that:

1. Defendant Collectors Training Institute of Illinois, Inc.'s Motion for Summary Judgment **[ECF No. 58]** is DENIED.

2. Oral argument previously set for January 21, 2011 at 11:00 a.m. is CANCELLED.

DONE and ORDERED in Chambers at Miami, Florida this __21__ day of January, 2011.

                                                                                                                                                       _____
                                                                                                                                                      THE HONORABLE ALAN S. GOLD
                                                                                                                                                      UNITED STATED DISTRICT JUDGE

cc:    U.S. Magistrate Judge Chris M. McAliley
       Counsel of record